M:\Miami Marketing\Pleadings\Answer.wpd



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 06-20429-CIV-HUCK/SIMONTON

PLAYBOY ENTERPRISES )
INTERNATIONAL, INC., )
 )
    Plaintiff, )
 )
v. )
 )
STAR ISLAND ENTERTAINMENT, LLC )
d/b/a THE OPIUM GROUP d/b/a )
MANSION, 136 COLLINS AVENUE, L.C. )
d/b/a PRIVÉ, MIAMI MARKETING GROUP, )
LLC, BDR MARKETING GROUP, LLC, )
TAMZIL, INC., DAVID GUTMAN and )
MICHAEL TAMZIL, )
 )
    Defendants. )
_____)

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, MIAMI MARKETING GROUP, LLC, BDR MARKETING GROUP, LLC, and DAVID GUTMAN (collectively "MIAMI MARKETING"), herein file their Answer to the Complaint filed by Plaintiff, PLAYBOY ENTERPRISES INTERNATIONAL, INC. ("PLAYBOY").

    1.    Paragraph 1 of the Plaintiff's Complaint is denied.

    2.    Paragraph 2 of the Plaintiff's Complaint is a statement as to the nature of the complaint and does not require a response.

    3.    MIAMI MARKETING does not dispute jurisdiction.

    4.    MIAMI MARKETING does not dispute venue.

5. MIAMI MARKETING is without knowledge as to the allegations in Paragraph 5(a)-(d) of the Plaintiff's Complaint, and therefore, those allegations are denied.

6. Paragraph 6 of Plaintiff's Complaint is admitted.

7. Paragraph 7 of Plaintiff's Complaint is admitted.

8. Paragraph 8 of Plaintiff's Complaint is admitted.

9. Paragraph 9 of Plaintiff's Complaint is admitted.

10. Paragraph 10 of Plaintiff's Complaint is admitted.

11. Paragraph 11 of Plaintiff's Complaint is admitted.

12. Paragraph 12 of Plaintiff's Complaint is admitted.

13. Paragraph 13 of Plaintiff's Complaint is admitted.

14. Paragraph 14 of Plaintiff's Complaint is admitted.

15. Paragraph 15 of Plaintiff's Complaint is denied.

16. Paragraph 16 of Plaintiff's Complaint is denied.

17. Paragraph 17 of Plaintiff's Complaint is admitted in part and denied in part. As stated above, Miami Marketing did not contact the Plaintiff seeking permission for anything and therefore, there was no "refusal" and the allegations referencing Plaintiff's refusal are denied. MIAMI MARKETING admits that there is an Exhibit "B" attached to the Complaint. MIAMI MARKETING is without knowledge as to whether the photographs attached as Exhibit B are from the June 2005 Playboy pictorial of Bai Ling and therefore, allegations as to those photographs are denied.

Case No. 06-20429-CIV-HUCK/SIMONTON

18. Paragraph 18 of Plaintiff's Complaint is admitted in part and denied in part. The allegation that the photographs on Exhibit "B" were reproduced on flyers is denied as is the allegation that Tamz transmitted photographs to MIAMI MARKETING for the purposes of printing flyers. As stated above, MIAMI MARKETING is without knowledge as to whether the photographs attached as Exhibit B are from the June 2005 Playboy pictorial of Bai Ling and therefore, those allegations are denied. The allegation that photographs of Bai Ling were given to Tamz is admitted. MIAMI MARKETING is without knowledge as to the allegation that Tamz edited the photographs and uploaded them to Opium Group's web server, and therefore, those allegations are denied.

19. In response to Paragraph 19 of Plaintiff's Complaint, MIAMI MARKETING admits that Exhibit "C" is attached to the Complaint. That document speaks for itself, and to the extent that the allegations in Paragraph 19 interpret, paraphrase, selectively quote or otherwise vary the terms of that document, they are denied.

20. In response to Paragraph 20 of Plaintiff's Complaint, MIAMI MARKETING admits that Exhibit "D" is attached to the Complaint. That document speaks for itself, and to the extent that the allegations in Paragraph 20 interpret, paraphrase, selectively quote or otherwise vary the terms of that document, they are denied.

21. In response to Paragraph 21 of the Complaint, MIAMI MARKETING is without knowledge as to what Plaintiff received and therefore, those allegations are denied. MIAMI MARKETING admits that there is an Exhibit "E" attached to the Complaint. MIAMI MARKETING is without knowledge as to whether the photographs attached as Exhibit "E" include unauthorized reproductions of photographs of Playboy Playmate Nicole Lenz, and

therefore, those allegations are denied. MIAMI MARKETING denies that it gave any photographs whatsoever of Nicole Lenz to Tamz for any purposes whatsoever. MIAMI MARKETING is without knowledge as to the allegations that Tamz edited the photographs and uploaded them to Opium Group's web server, and therefore, those allegations are denied.

22. In response to Paragraph 22 of the Complaint, MIAMI MARKETING admits that there is an Exhibit "F" attached to the Complaint. MIAMI MARKETING is without knowledge as to whether the photographs attached as Exhibit "F" include unauthorized copies of photographs of Playboy Playmate Colleen Shannon, and therefore, those allegations are denied. The allegation that photographs of Colleen Shannon, which, by way of further answer, were provided by Colleen Shannon's manager, were given to Tamz is admitted. MIAMI MARKETING is without knowledge as to the allegations that Tamz edited the photographs and uploaded them to Opium Group's web server, and therefore, those allegations are denied.

23. In response to Paragraph 23 of the Complaint, MIAMI MARKETING admits that there is an Exhibit "G" attached to the Complaint. MIAMI MARKETING is without knowledge as to the remaining allegations in Paragraph 23 and therefore, those allegations are denied.

24. In response to Paragraph 24 of the Complaint, MIAMI MARKETING admits that there are Exhibits "H"-"K" attached to the Complaint. Those documents speak for themselves, and to the extent that the allegations in Paragraph 24 interpret, paraphrase, selectively quote or otherwise vary the terms of that document, they are denied.

Case No. 06-20429-CIV-HUCK/SIMONTON

25. Paragraph 25 of the Plaintiff's Complaint is a statement as to the nature of the complaint and does not require a response.

26. Paragraph 26 of the Plaintiff's Complaint is denied.

27. Paragraph 27 of Plaintiff's Complaint is admitted as to MIAMI MARKETING. MIAMI MARKETING is without knowledge as to the allegations of Paragraph 27 of Plaintiff's Complaint as to the other defendants, and therefore, those allegations are denied.

28. Paragraph 28 of Plaintiff's Complaint is denied.

29. Paragraph 29 of Plaintiff's Complaint is denied.

30. Paragraph 30 of Plaintiff's Complaint is denied.

31. Paragraph 31 of Plaintiff's Complaint is denied.

32. Paragraph 32 of Plaintiff's Complaint is denied.

33. In response to Paragraph 33 of Plaintiff's Complaint, 17 U.S.C. § 504 speaks for itself, and to the extent that the allegations in Paragraph 33 interpret, paraphrase, selectively quote or otherwise vary the terms of the statute, they are denied.

34. In response to paragraph 34 of Plaintiff's Complaint, MIAMI MARKETING realleges its answers to paragraphs 1 through 24 and 26 through 30 as though set forth fully herein.

35. MIAMI MARKETING is without knowledge as to the allegations in Paragraph 35 of the Plaintiff's Complaint, and therefore, those allegations are denied.

36. Paragraph 36 of Plaintiff's Complaint is denied.

37. Paragraph 37 of Plaintiff's Complaint is denied.

Case No. 06-20429-CIV-HUCK/SIMONTON

38. Paragraph 38 of Plaintiff's Complaint is denied.

39. Paragraph 39 of Plaintiff's Complaint is denied.

40. Paragraph 40 of Plaintiff's Complaint is denied.

41. Paragraph 41 of Plaintiff's Complaint is denied.

42. Paragraph 42 of Plaintiff's Complaint is denied.

43. Paragraph 43 of Plaintiff's Complaint is denied.

44. In response to paragraph 44 of Plaintiff's Complaint, MIAMI MARKETING realleges its answers to paragraphs 1 through 24 and 26 through 30, and 35 through 39 as though set forth fully herein.

45. MIAMI MARKETING is without knowledge as to the allegations in Paragraph 45 of the Plaintiff's Complaint, and therefore, those allegations are denied.

46. MIAMI MARKETING is without knowledge as to the allegations in Paragraph 46 of the Plaintiff's Complaint, and therefore, those allegations are denied.

47. Paragraph 47 of Plaintiff's Complaint is denied.

48. Paragraph 48 of Plaintiff's Complaint is denied.

49. Paragraph 49 of Plaintiff's Complaint is denied.

50. Paragraph 50 of Plaintiff's Complaint is denied.

51. Paragraph 51 of Plaintiff's Complaint is denied.

52. Paragraph 52 of Plaintiff's Complaint is denied.

53. MIAMI MARKETING denies each and every other allegation directed against it in the Complaint not specifically referenced above.

Case No. 06-20429-CIV-HUCK/SIMONTON

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

MIAMI MARKETING GROUP, LLC, BDR MARKETING GROUP, LLC, and DAVID GRUTMAN are business agents of STAR ISLAND ENTERTAINMENT, LLC d/b/a THE OPIUM GROUP, LLC d/b/a MANSION, and 136 COLLINS AVENUE, LLC d/b/a PRIVÉ.

### SECOND AFFIRMATIVE DEFENSE

The alleged infringing photographs of Bai Ling were taken down immediately upon receipt of Exhibit "C" to Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

The alleged infringing photographs of Nicole Lenz were never handled by MIAMI MARKETING and were provided by Nicole Lenz's agent who implied authority to consent of Ms. Lenz to their reproduction and distribution.

### FOURTH AFFIRMATIVE DEFENSE

The alleged infringing photographs of Colleen Shannon were provided by Colleen Shannon's manager who had implied authority to consent to their reproduction and distribution.

### FIFTH AFFIRMATIVE DEFENSE

MIAMI MARKETING did not have notice of the copyright of the alleged infringing photographs.

### SIXTH AFFIRMATIVE DEFENSE

Assuming arguendo that MIAMI MARKETING was at all liable for any infringements, none of its actions were willful. MIAMI MARKETING was not aware of any infringing activity

Case No. 06-20429-CIV-HUCK/SIMONTON

nor were any of its actions a result of a reckless disregard for Plaintiff's rights. As stated above, the allegedly infringing Bai Ling photographs were removed immediately upon receipt of Exhibit "C" from Plaintiff. The allegedly infringing Nicole Lenz photographs were provided by Ms. Lenz's agent, and the allegedly infringing Colleen Shannon photographs were provided by Ms. Shannon's manager. MIAMI MARKETING's first indication that Plaintiff was claiming copyright infringement as to photographs of Ms. Lenz and Ms. Shannon was Plaintiff's Complaint.

Respectfully submitted,

GOLDSTEIN, TANEN & TRENCH, P.A.
One Biscayne Tower, Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-3250
Facsimile: (305) 374-7632
E-mail: rgoldstein@gttpa.com

By:_____
Richard M. Goldstein
Fla. Bar No. 197319
Counsel for MIAMI MARKETING GROUP, LLC, BDR MARKETING GROUP, LLC, and DAVID GRUTMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by facsimile and United States mail this 12 day of April, 2006 to: MICHAEL W.O.

Case No. 06-20429-CIV-HUCK/SIMONTON

HOLIHAN, ESQUIRE - Holihan Law, 1101 North Lake Destiny Road, Suite 350, Maitland, FL 32751.

By: _____
Richard M. Goldstein