ELECTRONIC

**Aug 9 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20429-CIV-HUCK/SIMONTON

PLAYBOY ENTERPRISES
INTERNATIONAL, INC.

      Plaintiff,

v.

STAR ISLAND ENTERTAINMENT,
LLC d/b/a THE OPIUM GROUP
d/b/a MANSION, et al.

      Defendants.

_____/

SETTLEMENT AGREEMENT AND CONSENT TO PERMANENT INJUNCTION
AGAINST STAR ISLAND ENTERTAINMENT, LLC; 136 COLLINS AVENUE, LC;
MIAMI MARKETING GROUP, LLC; BDR MARKETING GROUP, LLC; TAMZIL, INC.;
DAVID GRUTMAN; AND MICHAEL TAMZIL

Plaintiff Playboy Enterprises International, Inc., by and through its undersigned

attorneys, and Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami

Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and

Michael Tamzil (hereinafter collectively referred to as "Defendants"), hereby enter into

the following Settlement Agreement and Consent to Permanent Injunction (hereinafter

"Agreement").

    1.    Defendants agree and stipulate to the following facts and findings:

        A.  This Court has jurisdiction over the Plaintiff and the Defendants and the

Subject Matter of this action.

B.  Playboy is the owner of the trademarks and copyrights identified by the registrations attached as Exhibits A and H–K to the Complaint and hereinafter referred to as "the Copyrighted Properties and Trademarks". The registrations are valid and subsisting and are conclusive proof of Playboy's rights to the Copyrighted Properties and Trademarks.

C.  The Defendants have never been authorized by Playboy to use the Copyright Properities and Trademarks in conjunction with any advertisement, display, or other marketing materials, nor has Playboy authorized the Defendants to use the Copyrighted Properties and Trademarks in conjunction with or to promote their nightclubs and entertainment services.

D.  Playboy alleges that the Defendants have infringed upon the Copyrighted Properties and Trademarks by advertising, marketing, and publicly displaying unauthorized reproductions of Playboy's Copyrighted Properties and Trademarks.

E.  Playboy alleges that it is suffering and has suffered irreparable injury as a result of the Defendants' acts.

2.  Without admitting Playboy's allegations, the Defendants, their officers, directors, agents, employees, affiliates, divisions, and subsidiaries agree that, in the future, they shall not design, distribute, advertise, promote, market, or distribute any materials or services bearing unauthorized copies of Playboy's Copyrighted Properties and Trademarks.

3.    The Defendants agree and stipulate that they will turn over to Playboy's undersigned counsel all unauthorized copies of the Copyrighted Properties and Trademarks in their possession or control.

4.    The Defendants shall pay damages to Playboy in the amount of Sixty Thousand Dollars ($60,000.00) to be paid on or before July 15, 2006. Settlement funds shall be made payable to the *Holihan Law Trust Account* in the form of a cashier's check or trust check. The funds shall be mailed or delivered to the following address:

Holihan Law
1101 North Lake Destiny Road
Suite 350
Maitland, Florida 32751

5.    The Defendants stipulate and agree that they will turn over to Playboy's counsel any advertisements, flyers, electronic renditions, or other materials that bear any of Playboy's Copyrighted Properties and Trademarks and that such materials may be destroyed or disposed of at Playboy's discretion and in such manner as Playboy deems appropriate. The Defendants hereby waive any and all right, title, or interest in such materials and forever release Playboy from any and all claims arising out of their disposition. To the extent that the Defendants have any digital files that depict any of Playboy's Copyrighted Properties and Trademarks, Defendants warrant that they have deleted or will have deleted any such files from any and all storage mediums before execution of this Agreement.

6.    In order to assist the Defendants in fully complying with the Permanent Injunction provided for by this Settlement Agreement, Defendant(s) may submit digital

content to Playboy for clearance purposes. Such materials may be submitted to Playboy via email to copyright@playboy.com. Upon receipt of such materials Playboy will review the digital content and inform the Defendant(s) in question within 72 hours of receipt whether or not the digitial content infringes Playboy's intellectual property.

7.     Playboy for itself and any one claiming rights derived from it (hereinafter referred to as the "Playboy Releasing Party"), does hereby release and forever discharge Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil, and each of them, of and from any and all manner of actions, causes of actions, suits, debts, judgments, rights, demands and claims that any or all of the Playboy Releasing Party ever had, now have or which any or all of the Playboy Releasing Party hereinafter can, shall or may have, upon or by reason of any matter, cause or thing arising out of, relating to, resulting from or in any way connected with the claims made the subject of the Lawsuit regarding the Copyrighted Properties and Trademarks.

8.     Playboy and the Defendants jointly move this Court to enter a Final Order on this matter with respect to the Defendants as provided for in the proposed Permanent Injunction and Final Order attached hereto as Exhibit 1. Playboy and the Defendants stipulate and move the the Permanent Injunction shall remain in full force and effect after the Court enters the Final Order and, further, that this Court retain jurisdiction over this matter to enforce the terms of this Agreement and the Permanent Injunction.

SIGNATURES APPEAR ON NEXT PAGE

Michael W. O. Holihan
Florida Bar No.: 0782165
Holihan Law
1101 North Lake Destiny Road
Suite 350
Maitland, Florida 32751
Telephone: 407-660-8575
Fax: 407-660-0510
Email: michael.holihan@holihanlaw.com
Attorneys for Plaintiff

8/9/06

Allan Reiss
As Counsel for Tamzil, Inc. and Michael
Tamzil
Florida Bar No.: 858500
Levine & Partners, P.A.
1100 Brickell Avenue
7th Floor
Miami, Florida 33131
Telephone: 305-372-1350
Fax: 305-423-3203
Email: asr@levinelawfirm.com

Tamzil, Inc.

By: _____

Printed Name: MICHAEL TAMZIL

Its: PRESIDENT.

_____
Michael Tamzil

_____
Brian McKell
As Counsel for Star Island Entertainment,
LLC and 136 Collins Avenue, LC
Wilson, Elser, Moskowitz, Edelman &
Dicker, LLP
100 Southeast Second Street
Suite 3800
Miami, Florida 33131
Telephone: 305-374-4400
Fax: 305-579-0261
Email: brian.mckell@wilsonelser.com

Star Island Entertainment, LLC

By: _____

Printed Name: _____ Roman Jones

Its: _____

136 Collins Avenue, LC

By: _____

Printed Name: _____ Roman Jones

Its: _____

_____
Richard Goldstein
As Counsel for Miami Marketing Group,
LLC, BDR Marketing Group, LLC, and
David Grutman
Goldstein, Tanen & Trench, P.A.
One Biscayne Tower
Suite 3700
Two Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-374-3250
Fax: 305-374-7632
Email: rgoldstein@gttpa.com

Miami Marketing Group, LLC

By: _____

Printed Name: _____

Its: _____

Star Island Entertainment, LLC

By: _____

Printed Name: _____

Its: _____


136 Collins Avenue, LC

By: _____

Printed Name: _____

Its: _____

_____
Richard Goldstein
As Counsel for Miami Marketing Group,
LLC, BDR Marketing Group, LLC, and
David Grutman
Goldstein, Tanen & Trench, P.A.
One Biscayne Tower
Suite 3700
Two Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-374-3250
Fax: 305-374-7632
Email: rgoldstein@gttpa.com


Miami Marketing Group, LLC

By: _____

Printed Name: _BRIAN GORDON_____

Its: _PRINCIPAL_____

BDR Marketing Group, LLC

By: _____

Printed Name: _Brian Gordon_

Its: _Principal_

_____
David Grutman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20429-CIV-HUCK/SIMONTON

PLAYBOY ENTERPRISES
INTERNATIONAL, INC.

       Plaintiff,

v.

STAR ISLAND ENTERTAINMENT,
LLC d/b/a THE OPIUM GROUP
d/b/a MANSION, et al.

       Defendants.

_____/

PERMANENT INJUNCTION AND FINAL ORDER AGAINST STAR ISLAND
ENTERTAINMENT, LLC; 136 COLLINS AVENUE, LC; MIAMI MARKETING GROUP,
LLC; BDR MARKETING GROUP, LLC; TAMZIL, INC.; DAVID GRUTMAN; AND
MICHAEL TAMZIL

Upon consideration of the Settlement Agreement and Consent to Permanent Injunction, and this Court being fully aware of the premises, the Court makes the following findings of fact and conclusions of law:

a.    This Court has jurisdiction over the Plaintiff, Playboy Enterprises International, Inc., and Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil (hereinafter collectively referred to as "Defendants") and the Subject Matter of this action.

b.    Playboy is the owner of the distinctive copyrighted properties and trademarks identified by the index of registrations attached as Exhibits A and H–K to the Complaint. These copyrights and trademarks are hereinafter referred to as "the

Copyrighted Properties and Trademarks." The registrations are valid and subsisting and are conclusive proof of the Plaintiffs' rights to the Copyrighted Properties and Trademarks and are indexed to this Permanent Injunction and Final Order as Exhibit A.

c.    Playboy brought the present action against the Defendants alleging claims of copyright infringement, false designation of origin and false description, and unfair competition under Florida's common law. Playboy has never authorized any of the Defendants to use Playboy's Copyrighted Properties and Trademarks in conjunction with any advertising or marketing of their entertainment services.

d.    Playboy alleged that the Defendants infringed upon the Copyrighted Properties and Trademarks by incorporating Playboy's Copyrighted Properties and Trademarks into their invitations, flyers, Web sites, email messages, or other materials distributed to the public.

e.    Playboy has alleged that it is suffering and has suffered irreparable injury as a result of the Defendants' acts described in paragraph 4 above.

f.    The Defendants stipulate and agree that they will turn over to Playboy's undersigned counsel all materials that bear unauthorized reproductions of Playboy's Copyrighted Properties and Trademarks upon execution of the Settlement Agreement. The Defendants further agree that any materials turned over to Playboy shall be delivered to Playboy's counsel at the Defendants' sole cost and expense. The Defendants further stipulate and agree that any materials turned over to Playboy's counsel as provided for in this Order may be destroyed or disposed of at Playboy's discretion and in such manner as Playboy deems appropriate. The Defendants hereby

waive any and all right, title, or interest in such materials and forever release Playboy from any and all claims arising out of their disposition.

g.     Defendants stipulate and agree to entry of a Permanent Injunction forever enjoining them from the sale, offer for sale, public display, and marketing of their entertainment services in conjunction with Playboy's Copyrighted Properties and Trademarks. It is understood and agreed that Star Island Entertainment, LLC has in the past and will in the future conduct its business under the trade name "Mansion" and will continue to do so in the future and this Order does not effect nor is intended to effect Star Island Entertainment's use of the tradename or trademark "Mansion".

In view of the foregoing:

IT IS ORDERED AND ADJUDGED that a PERMANENT INJUNCTION is entered as to Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil pursuant to Fed. R. Civ. P. 65 enjoining Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil, their agents, servants, employees, or attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

a.     From procuring, distributing, shipping, retailing, selling, offering for sale, marketing, renting, or advertising any services not authorized by Playboy bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image that is

substantially similar to the Copyrighted Properties and Trademarks indexed at Exhibit A and H–K to the Complaint and at Exhibit A of this Final Order;

b.    From passing off, inducing, or enabling others to sell or pass off as authorized or approved by Playboy, any advertisement, flyer, Web page, email, or other materials that use any of the Copyrighted Properties and Trademarks indexed at Exhibit A to this Order;

c.    From committing any act calculated to cause the public to believe that the Defendants' services are sponsored, approved, or guaranteed by Playboy, or are connected with and produced under the control or supervision of Playboy;

d.    From diluting and infringing Playboy's Copyrighted Properties and Trademarks and damaging their goodwill; and

e.    From causing, aiding, or abetting any other person from doing any act proscribed under subparagraphs a–d above.

It is further ORDERED AND ADJUDGED,

That this Court shall retain jurisdiction of this action for purposes of enforcing the provisions of the Settlement Agreement and Permanent Injunction and Final Order by way of contempt or otherwise.

It is further ORDERED AND ADJUDGED,

That the parties waive appeal of this Permanent Injunction and Final Order.

It is further ORDERED AND ADJUDGED,

That any materials turned over to Playboy's undersigned counsel may be destroyed or disposed of at Playboy's discretion and in such manner as Playboy deems appropriate.

It is further ORDERED AND ADJUDGED,

That this Permanent Injunction and Final Order shall operate as a final judgement as to Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil.

It is further ORDERED AND ADJUDGED,

That each party to this Permanent Injunction and Final Order shall bear its own attorneys' fees and costs in this action.

Dated this _____ day of _____, 2006.

_____
HON. PAUL C. HUCK
United States District Court Judge

## Trademarks

| Mark | Registration Number | Registration Date | Class |
|------|--------------------|--------------------|-------|
| PLAYBOY | 1,040,491 | June 1, 1976 | 9 |
| PLAYBOY and RABBIT HEAD | 1,908,471 | August 1, 1995 | 18 |
| PLAYBOY | 2,181,438 | August 11, 1998 | 14 |
| PLAYBOY | 2,469,441 | July 17, 2001 | 21 |
| PLAYBOY | 2,632,523 | October 8, 2002 | 16 |
| PLAYBOY | 2,644,619 | October 29, 2002 | 30 |
| RABBIT HEAD | 2,666,917 | December 24, 2002 | 16 |
| PLAYBOY | 2,706,976 | April 15, 2003 | 14 |
| PLAYBOY | 2,715,888 | May 13, 2003 | 28 |
| PLAYBOY | 2,715,888 | May 13, 2003 | 28 |
| PLAYBOY | 2,719,886 | May 27, 2003 | 6 |
| RABBIT HEAD | 2,802,023 | January 6, 2004 | 14 |
| PLAYBOY | 2,921,658 | January 25, 2005 | 28 |

## Copyrights

| Title | Serial Number | Registration Date |
|-------|---------------|--------------------|
| Playboy (March 2000) | TX 4-813-377 | February 15, 2000 |
| Playboy Cyber Club January 2004 | VA 1-230-892 | February 17, 2004 |
| Playboy Cyber Club December 2003 | VA 1-230-891 | February 17, 2004 |
| Playboy (June 2005) | TX 6-114-861 | May 31, 2005 |

## EXHIBIT "A"