UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20429-CIV-HUCK/SIMONTON



FILED by _____ D.C.
AUG 0 9 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

PLAYBOY ENTERPRISES
INTERNATIONAL, INC.

        Plaintiff,

v.

STAR ISLAND ENTERTAINMENT,
LLC d/b/a THE OPIUM GROUP
d/b/a MANSION, et al.

        Defendants.
_____/

**PERMANENT INJUNCTION AND FINAL ORDER AGAINST STAR ISLAND ENTERTAINMENT, LLC; 136 COLLINS AVENUE, LC; MIAMI MARKETING GROUP, LLC; BDR MARKETING GROUP, LLC; TAMZIL, INC.; DAVID GRUTMAN; AND MICHAEL TAMZIL**

Upon consideration of the Settlement Agreement and Consent to Permanent Injunction, and this Court being fully aware of the premises, the Court makes the following findings of fact and conclusions of law:

a. This Court has jurisdiction over the Plaintiff, Playboy Enterprises International, Inc., and Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil (hereinafter collectively referred to as "Defendants") and the Subject Matter of this action.
b. Playboy is the owner of the distinctive copyrighted properties and trademarks identified by the index of registrations attached as Exhibits A and H–K to the Complaint. These copyrights and trademarks are hereinafter referred to as "the Copyrighted Properties and Trademarks." The registrations are valid and subsisting and are conclusive proof of the Plaintiffs' rights to the Copyrighted Properties and Trademarks and are indexed to this Permanent Injunction and Final Order as Exhibit A.
c. Playboy brought the present action against the Defendants alleging claims of copyright

infringement, false designation of origin and false description, and unfair competition under Florida's common law. Playboy has never authorized any of the Defendants to use Playboy's Copyrighted Properties and Trademarks in conjunction with any advertising or marketing of their entertainment services.

d. Playboy alleged that the Defendants infringed upon the Copyrighted Properties and Trademarks by incorporating Playboy's Copyrighted Properties and Trademarks into their invitations, flyers, Web sites, email messages, or other materials distributed to the public.

e. Playboy has alleged that it is suffering and has suffered irreparable injury as a result of the Defendants' acts described in paragraph 4 above.

f. The Defendants stipulate and agree that they will turn over to Playboy's undersigned counsel all materials that bear unauthorized reproductions of Playboy's Copyrighted Properties and Trademarks upon execution of the Settlement Agreement. The Defendants further agree that any materials turned over to Playboy shall be delivered to Playboy's counsel at the Defendants' sole cost and expense. The Defendants further stipulate and agree that any materials turned over to Playboy's counsel as provided for in this Order may be destroyed or disposed of at Playboy's discretion and in such manner as Playboy deems appropriate. The Defendants hereby waive any and all right, title, or interest in such materials and forever release Playboy from any and all claims arising out of their disposition.

g. Defendants stipulate and agree to entry of a Permanent Injunction forever enjoining them from the sale, offer for sale, public display, and marketing of their entertainment services in conjunction with Playboy's Copyrighted Properties and Trademarks. It is understood and agreed that Star Island Entertainment, LLC has in the past and will in the future conduct its business under the trade name "Mansion" and will continue to do so in the future and this Order does not effect nor is intended to effect Star Island Entertainment's use of the tradename or trademark "Mansion".

In view of the foregoing:

IT IS ORDERED AND ADJUDGED that a PERMANENT INJUNCTION is entered as to Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil pursuant to Fed. R. Civ. P. 65 enjoining Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil, their agents, servants, employees, or attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

h. From procuring, distributing, shipping, retailing, selling, offering for sale, marketing, renting, or

advertising any services not authorized by Playboy bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image that is substantially similar to the Copyrighted Properties and Trademarks indexed at Exhibit A and H–K to the Complaint and at Exhibit A of this Final Order;

i. From passing off, inducing, or enabling others to sell or pass off as authorized or approved by Playboy, any advertisement, flyer, Web page, email, or other materials that use any of the Copyrighted Properties and Trademarks indexed at Exhibit A to this Order;

j. From committing any act calculated to cause the public to believe that the Defendants' services are sponsored, approved, or guaranteed by Playboy, or are connected with and produced under the control or supervision of Playboy;

k. From diluting and infringing Playboy's Copyrighted Properties and Trademarks and damaging their goodwill; and

l. From causing, aiding, or abetting any other person from doing any act proscribed under subparagraphs a–d above.

It is further ORDERED AND ADJUDGED,

That this Court shall retain jurisdiction of this action for purposes of enforcing the provisions of the Settlement Agreement and Permanent Injunction and Final Order by way of contempt or otherwise.

It is further ORDERED AND ADJUDGED,

That the parties waive appeal of this Permanent Injunction and Final Order.

It is further ORDERED AND ADJUDGED,

That any materials turned over to Playboy's undersigned counsel may be destroyed or disposed of at Playboy's discretion and in such manner as Playboy deems appropriate.

It is further ORDERED AND ADJUDGED,

That this Permanent Injunction and Final Order shall operate as a final judgement as to Star Island Entertainment, LLC, 136 Collins Avenue, LC, Miami Marketing Group, LLC, BDR Marketing Group, LLC, Tamzil, Inc., David Grutman, and Michael Tamzil.

It is further ORDERED AND ADJUDGED,

That each party to this Permanent Injunction and Final Order shall bear its own attorneys' fees and costs in this action.

Dated this 9th day of August, 2006.

_____
HON. PAUL C. HUCK
United States District Court Judge